

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**

~~GEO. W. BARCUS~~RD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Weaver H. Baker, Chairman
State Board of Control
Austin, Texas

Dear Mr. Baker:

Opinion No. O-5283
Re: Authority of the Board of Control
to determine the need of an education-
al institution to have printed a stated
number of bulletins or publications.

You write us as follows: "From time to time, we have requisitions
coming to us from the educational institutions of Texas, the attached file
from the Texas State College for Women being a typical case, in which they seek
to obtain consent of the State Board of Control for the purchase of a stated
number of publications.

"It is no doubt the province of this Board to pass on these requisitions and
to pursue the regulations prescribed by law with reference to the manner of
purchase.. There is a question about whether we have any discretion in deter-
mining whether or not the publications sought to be purchased by an institu-
tion of higher learning in Texas is necessary.

"Will you, therefore, advise us on the following propositions:

"(1) Does the State Board of Control have the right, as a matter of law,
to determine whether or not a requisition for the printing of a stated num-
ber of bulletins or publications from an educational institution is neces-
sary?

"(2) Do we have the right to refuse to grant a requisition for purchase after
it has been duly approved and delivered to us by the constituted authorities
of an institution of higher learning in this State?"

Your request requires an examination generally as to the powers con-
ferred upon the Board of Control by Statute. Article 603 of the Revised Civil
States defining the general duties of the Board declares:

"The Board shall administer the laws relating to the various departments,
boards, institutions and public officers of the Government herein named, and
perform the additional duties and exercise the additional functions provided
for in this title, and may combine under it the following subdivisions of its
work:

"1.   Division of Public Printing.
"2.   Division of Purchasing.
"3.   Division of Auditing.
"4.   Division of Design, Construction and maintenance.
"5.   Division of Estimates and Appropriations.
"6.   Division of Eleemosynary Institutions.
"7.   And such other divisions of its work as it may find neces-
       sary in the administration of its duties."

From the letter of Director Humphries, of the Department of Extension of Texas State College for Women which accompanies your request, it is shown that your inquiry is based specifically upon her request for the printing of 5000 copies of a bulletin "Hints on How to Live in a War Economy," by members of the Texas State College for Women War Council.

Divisions 1 and 2 of the Article are the ones most pertinent to your inquiry.   Under the Divsion of Public Printing, it is provided that the Board shall contract for a term not exceeding two years for supplying to the State all printing, binding, stationery and supplies of like character for all depart-ments, institutions and boards, save and except such work as may be done at the various educational and eleemosynary institutions (Article 608); that the Board may establish rules and regulations in advertising for bids for printing and stationery supplies in such manner as in its judgment will best serve the State (Article 610); that the Board shall order such quantitu of all reports, documents, messages, journals and laws to be published as it may deem necessary, not more than 5000 of such reports (Article 612).   Chapter 3 -- Purchasing Division -- provides that the Board shall purchase all supplies used by each department of the State government, including the State Prison System, and each eleemosynary institution, normal schools, Agricultural and Mechanical College, University of Texas, and each and all other State schools or depart-ments of the State government heretofore or hereafter created (Article 634).

The law as a whole (Title 20) creating and defining the duties of the Board of Control, points to the legislative intention to make of that body a general contracting agency of the State for the departments, institutions and agencies placed under its control, in the interest of an obvious economy of State.

There is nothing in the State which, in our opinion, gives the Board of Control the discretion or power to review or revise the determination of an educational institution, such as the State College for Women, with res-pect to its needs in the matter or printing, and to substitute the Board's discretion for that of the institution.

Article 612 of the Statutes, in our opinion, does not confer such authority.   It reads as follows:   "The Board shall order such quantity of all reports, documents, messages, journals and laws to be published as it may deem necessary, nor more than 5000 of such reports."

This is the codified (1925) Article as it was taken from Section 8 of House Bill No. 78 of the Second Called Session of the 36th Legislature (1919). An examination of H. B. No. 78 will show indisputably that the Section pertained to the printing of legislative matters. Thus, in Section 17 of the Bill it was declared:

"The whole number of such laws and journals, reports of public officers and other public documents authorized to be printed shall be delivered to the Secretary of State, at his office, except such printing as may be ordered by the two houses of the Legislature, or either of them, for their use, which shall be delivered to such persons at such times as such houses or either of them may direct."

The reports contemplated in the quoted article are the departmental reports referred to in Article 5446 of the Revised Civil Statutes --- last line. There is no reason to hold that the Section (now Article) has a different meaning from that originally intended by the Legislature.

If we consider Article 612, however, independently of its origin --- merely as a part of the general statutes regulating the Board of Control --- we hold that the requisition from the Texas State College for Women, which you state is a typical case, giving rise to your inquiry, does not come within the scope of the Article.

Clearly, the requisition does not call for the printing of any report, message, journal, or law to be published, and it remains only to be seen if the subject matter of the requisition is a "document," within the meaning of that Article. We hold that it is not.

The word "document" is, of course a word of very great latitude, and is capable of different meanings, according to the context in which it is used. In the present connection the word is used as a legal or official instrument and not in the ultra liberal sense of an evidentiary instrument merely.

Words --- like people --- are known by their associates --- noscitur a sociis. The word "documents" is here used in connection with the words "reports," "messages," "journals," and "laws," to be published. All of these words, with which the word "documents" is associated, indisputably are words of legal import, and so the word "documents" must be given the similar meaning.

The Director's request for a requisition denominates the instrument to be printed a "bulletin." This is perhaps as accurate a designation as could be made, though of course the designation given by the Director is not at all conclusive of the real nature of the instrument. Other words might, with equal propriety, have been used, such as "booklet," "pamphlet," "brochure," and the like.

Whether or not general power to review or revise the acts of departments, institutions, or agencies of the Government in such matters should be conferred upon the Board of Control is entirely a thing of legislative concern.

Statutes defining powers of officers and governmental agents are always strictly construed against the existence of a power, and not in favor of it, unless the intention to delegate such power is clearly shown. (34 Tex. Jur. p. 443, sec. 68).

Whether or not there exists a remedy for a situation, where a department or institution abuses its discretion or exceeds its power, as to the necessity for printing or supplies, we need not to decide. We merely hold that such remedy, if one is available, is not the reviewing power of the Board of Control. The discretion and responsibility in such matters is to be lodged somewhere, and just where it is lodged must be found in some statute.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Ocie Speer

Ocie Speer
Assistant

APPROVED MAY 14, 1943
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

OS-MR:egw

APPROVED
OPINION COMMITTEE
BY B W B
Chairman